UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:17-cv-15-JSM-PRL

USAA LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

KELENE L. MAGANA,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon a Motion for Final Default Judgment with Supporting Memorandum (the "Motion") filed by Plaintiff USAA Life Insurance Company ("USAA Life") on April 3, 2017. The Court has reviewed the Motion and the exhibits attached thereto, including but not limited to the Affidavit of Tammy Koenig ("Koenig Affidavit"), as well as the Complaint and the entire Court file, and is otherwise fully advised in the premises.

**I.**    **Procedural Background**

On January 18, 2017, USAA Life filed its Complaint (DE 1) seeking rescission of a policy of life insurance. On January 21, 2017, a copy of said Complaint and a summons were served on Magana, who did not timely plead or otherwise defend the action as required by law. On February 16, 2017, the Clerk of the Court upon motion by USAA Life properly entered a default against Magana due to her failure to timely move or plead in response to USAA Life's properly served Complaint (DE 6).

## II.     USAA Life's Allegations and Evidence.

In the Complaint, USAA Life alleges among other things that:

(a)     USAA Life was and is an insurance company incorporated under the laws of the State of Texas, with its principal place of business and Home Office in that state.  (DE 1, pg. 2, ¶ 3.)

(b)     Magana is an adult citizen of the State of Florida who resides in Marion County, Florida, and is the wife of Todd P. Kane ("Kane").  (*Id.*, ¶ 4.)

(c)     On or about November 14, 2014, Kane completed the Health and Lifestyle Questionnaire ("HLQ") in connection with the Term Life Insurance Application ("Application") submitted to USAA Life by Kane on or about December 30, 2014.  (*Id.*, ¶ 5.)

(d)     In reliance on the truth and accuracy of the answers provided by Kane in the HLQ, the Application and related materials, USAA Life approved Kane for coverage and issued to Kane, as insured and owner, a 15 Year Level Term Life insurance policy providing a death benefit in the amount of $250,000 effective January 19, 2015, No. J520603566 (the "Policy").  On or about February 26, 2015 ownership of the Policy was transferred to Magana at the request of the Kane.  (*Id.*, ¶ 6.)  (A duplicate copy of the Policy including the Application is attached to the Complaint as Exhibit A.)

(e)     The HLQ at Question 5(a) asked "Has any insured ever consulted with a health care provider for:  seizures, paralysis, stroke, depression, anxiety or other mental or nervous system disorder?  Kane answered Question 5(a) "No."  (*Id.*, pg. 3, ¶ 10.)

   (f) The HLQ at Question 5(b) asked "Has any insured ever consulted with a health care provider for: asthma, emphysema, pneumonia or other respiratory system disorder? Kane answered Question 5(b) "No." (*Id.*, ¶ 11.)

   (g) The HLQ at Question 5(c) asked "Has any insured ever consulted with a health care provider for: chest pain, high blood pressure, murmur, heart attack or other heart or blood vessel disorder?" Kane answered Question 5(c) "Yes," disclosing only "high cholesterol" and "high blood pressure." (*Id.*, ¶ 12.) Kane also answered "No" in response to the follow-up question "Has a Cardiac Catherization or an Angiogram been performed for this condition?" (*Id.*)

   (h) The HLQ at Question 6 asked "Is any insured currently taking prescription medication not previously disclosed? Kane answered Question 6 "Yes," disclosing only "Zocor," "Lisinopril" and "Amlodipine." (*Id.*, ¶ 13.)

   (i) The HLQ at Question 8(a) asked "Has any insured, within the past five years: had an electrocardiogram, X-ray or any other diagnostic test or procedure that was not previously disclosed? Kane answered Question 8(a) "No." (*Id.*, ¶ 14.)

   (j) The HLQ at Question 10 asked "Has any insured ever used an illegal drug or used a controlled substance without a physician's approval? Kane answered Question 10 "No." (*Id.*, pg. 4, ¶ 15.)

   (k) The HLQ at Question 12 asked "Has any insured consulted a health care provider for any reason not previously disclosed? Kane answered Question 12 "No." (*Id.*, ¶ 16.)

(l)     The above-described answers given by Kane were affirmatively false or omitted material facts, and USAA Life relied on Kane's misrepresentations in deciding to issue the Policy. Had USAA Life known the true facts it would not have issued the Policy or would not have issued it under the same terms. (*Id.*, ¶¶ 17-20.)

The Koenig Affidavit demonstrates that:

(a)     Kane consulted a cardiologist on October 11, 2012, and underwent a cardiac catheterization procedure on October 26, 2012, which revealed "Mild, Single Vessel Disease." (Koenig Aff., pg. 2, ¶ 3(a).)

(b)     On September 20, 2013, Kane consulted a physician who diagnosed anxiety and attention deficit disorder, for which the medications Buspar and Strattera were prescribed. It was also disclosed that Kane occasionally used marijuana. (*Id.*, ¶ 3(b).)

(c)     Kane was seen at the Florida Neurological Center and underwent polysomnography testing on December 22, 2013. The test was positive for obstructive sleep apneas and hypopneas which resulted in significant nocturnal desaturations. It was highly recommended that a split night study be conducted to determine the severity of his condition. (*Id.*, ¶ 3(c).)

(d)     There were recent prescriptions of Dilaudid and Hydrocodone for chronic back pain. (*Id.*, ¶ 3(d).)

(e)     USAA Life did not know that the Application contained false answers at any time prior to issuance of the Policy. Had USAA Life known the true facts that accurate answers would have disclosed, USAA Life would not have issued any policy insuring Kane's life. *Id.*, ¶¶ 4-5.

## III. Discussion

On a motion for default judgment, all well-pleaded factual allegations of the Complaint are deemed admitted. *Bank of the West v. M/V Rock the Party*, No. 8:12-cv-1243, 2013 WL 6876287, *1 (M.D. Fla., June 18, 2013) ("All well-pleaded allegations of fact are deemed admitted upon entry of default…."). Before entering judgment, the Court must confirm that it has jurisdiction and that the Complaint states a claim upon which relief can be granted. *Id*.

As alleged in the Complaint, USAA Life is a citizen of Texas and Magana is a citizen of Florida, and the amount in controversy exceeds $75,000. This Court, therefore, has jurisdiction based on diversity of citizenship.

Under Florida law, if an insured has made a misrepresentation in an application for insurance, and the insurer with full disclosure would not have issued a policy or would not have issued one under the same terms, then "rescission of the policy by the insurer is proper." *Alpha Prop. & Cas. Ins. Co. v. Bouassria*, No. 3:14-cv-278, 2015 WL 2342969, *3-4 (M.D. Fla., May 14, 2015) (citations omitted). A misrepresentation "need not be made knowingly in order to void an insurance policy." *Id*. Here, the well-pleaded allegations of the Complaint establish that material misrepresentations were made by Kane and that USAA Life justifiably relied on Kane's representations in deciding to issue the Policy. Further, the Koenig Affidavit establishes that USAA Life would not have issued any policy insuring Kane's life had it known the true facts. Accordingly, the Complaint states a cause of action for rescission under Florida law and its admitted factual allegations together with the undisputed evidence entitle USAA Life to a default final judgment

deeming the Policy void *ab initio*. *See Bouassria,* at *4-5 (noting that an insurer "may establish the materiality of misrepresentations through the affidavit of an underwriter" and entering default judgment of rescission in favor of insurer where insurer represented by affidavit that policy "would not have been issued" had insurer known the true facts).

Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Final Default Judgment (Doc. 9) is GRANTED.

2. The Policy is rescinded and void *ab initio*.

3. USAA Life Insurance Company is ordered to return all premiums to Defendant Kelene Magana.

4. The Clerk is directed to enter final default judgment in favor of USAA Life Insurance Company and against Defendant Kelene Magana.

5. All pending motions are denied as moot.

6. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 4, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record